Mr. Justice MacArthur
delivered the opinion of the court:
From the facts admitted in this case it appears that the decree appointing Stickney trustee was obtained in a suit in which the only defendants were the infant heirs of the original trustee, and consequently they have no beneficial interests in the result of the suit. Neither the person who executed the note and trust-deed nor the person who purchased the trust-property and who was then in possession as tenant of the freehold were brought before the court, although they were the only parties whose rights could be affected by the decree. It is argued that, as Holden had made a conveyance of his interest in the land, he was no longer interested in the appointment of a trustee to sell it. We must, however, remember that, although he had conveyed away his estate, he still remained liable upon his note, and had not parted with his right to have that note paid out of the trust-property. The very object of the bill in 3201 was to procure the *144 appointment of some one to sell the property so as to pay the note, and in the payment of the note no one was more interested than Holden, and in reference to the property, certainly Chester, who had purchased it with that incumbrance, was equally interested in the adjustment of the account and the execution of the trust, so far as related to the sale of the property by the new trustee. Holden had created the trust, and he had a right to see that the new trustee was a proper person to execute it. Mr. Perry, in his book on Trusts, at section 277, says: “In removing and substituting trustees, the court does not act arbitrarily, but upon certain general principles, and after a full consideration of the case. It always has regard to the wishes of the author of the trust, to be gathered from the instrument of trust; if he has expressed a disapprobation of an individual, the court would refrain from appointing him; and so the court will not appoint a new trustee with a view to the interest of some of the cestuis que trust, for the trustee ought to hold an even hand between all parties, and not favor a particular one.” Now, in the present case, it cannot be denied that Holden had a right to see that a person was appointed as the trustee who would at least be fair and even-handed ia the performance of his duty, and who would conduct the-sale of the premises in case Holden was unable to pay his note in such a manner as-not needlessly to cause a deficiency, when, by a proper execution of the trust, the obligation might be entirely satisfied.
In view of these considerations, we cannot doubt but that Holden was a necessary party to that suit, and probably Chester also, as he purchased subject to an incumbrance of which he had at least implied notice, although he might not be a party to the foreclosure.
Mr. Story, at section 427, Equity Pleadings, announces the doctrine that a decree obtained without making those parties to the suit in which it was had whose rights are affected thereby is fraudulent and void as to those parties. And even a purchaser under it, having notice of the defect, is not protected by such decree, for otherwise the decrees of a court of chancery might be used as an engine for the purpose of effecting the greatest fraud. He refars to Cooper’s *145 Eq. Pl., 96 and 98 ; Mitf. Eq. Pl., 93, 94; Gifford vs. Hart, 1 Sch, and Lef., 386; Kennedy vs. Daly, 1 Sch. and Lef., 355, 374, 375.
The same authorities also settle the piinciple that such a decree may be impeached by original bill. The present-case shows that the only defendants in equity-suit 3201 were the infant heirs of the trustee named in the deed of trust. They were incapable of executing the trust, were subject to no liability, and had no perceptible interest in the subject-matter of the suit. In a word, they were merely nominal parties. It is even averred in the bill in t hat case that they had no interest in the property. Who, then, are the parties in interest 1 Clearly the maker of the note and the owner of the land. The bill in that case shows no reason why they are not brought before the court, and the conveyance to Chester is not even disclosed. Nobody in point of fact wasrepresented in the suit'but the cestuis que trust. The bill was subscribed and sworn to by Mr. Stickney, who was the principal officer of the bank, and the decree appoints him trustee. That is, the cestui que trust, who filed the bill, had itself substantially appointed its own trustee.
We doubt not but Mr. Stickney is a fair and honorable gentleman, and would act from a sense of duty; but the court must look with marked disfavor upon this proceeding.
In view of the defective character of the decree appointing the new trustee, it is almost certain that the property cannot be sold for its full value. No prudent purchaser would be willing to invest in a title so questionable. Upon looking into the proceedings, he would find the objections we have been discussing, and a fair purchaser would probably decline to bid for it at all; and, if purchased by any one except the bank, it would be for an inadequate consideration.
•The chief-justice is of opinion that the decree below ought to be affirmed for this reason alone. Mr. Justice Wylie and myself, while concurring in that view, are also of opinion that Holden was a necessary party in the suit brought by the bank, and that, consequently, the decree had therein was void as to him.
Decree below affirmed
Olin, J., dissenting.